UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSHUA R. GOMEZ #714409,

      Plaintiff,

v.

ALICIA LOVATO,

      Defendant

                                  /

Case No. 2:23-cv-00041

Hon. Jane M. Beckering
U.S. District Judge

## REPORT AND RECOMMENDATION

### I. Introduction

This is an action brought by state prisoner Joshua R. Gomez requesting that the Court order Defendant Alicia Lovato to provide him with a paternity test to determine whether he is the father of her son, Braedyn. Gomez says that Lovato lives in Grand Forks, North Dakota, but he did not provide her address.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Because Gomez has

failed to establish that this Court has jurisdiction over a domestic relation action involving paternity, it is recommended that the Court dismiss this case.

## II. Factual Allegations

Gomez filed a one-page complaint and a nearly identical one-page supplemental complaint with few facts and no statement regarding this Court's jurisdiction. (ECF Nos. 1 and 4) Gomez says that Defendant Alicia Lovato is the mother of his son, and he asks the Court to order Defendant to provide him with a test to determine paternity. (*Id.*)

## III. Jurisdiction

Federal courts are courts of limited jurisdiction and may exercise only those powers authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). Therefore, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377 (citations omitted). The first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue. *See American Telecom Co., L.L.C. v. Republic of Lebanon,* 501 F.3d 534, 537 (6th Cir. 2007) ("Subject matter jurisdiction is always a threshold question.").

Plaintiff has the burden of proving this court's jurisdiction. *Giesse v. Secretary of Dep't of Health & Human Servs.,* 522 F.3d 697, 702 (6th Cir. 2008). The Supreme Court has held that the federal courts lack jurisdiction over questions of divorce,

alimony, or child custody. *Barber v. Barber,* 62 U.S. 582, 584 (1858). "Even when brought under the guise of a federal question action, a suit whose subject is domestic relations generally will not be entertained in a federal court." *Firestone v. Cleveland Trust Co.,* 654 F.2d 1212, 1215 (6th Cir. 1981). "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the state and not to the laws of the United States." *In re Burrus,* 136 U.S. 586, 593-94 (1890); *see Lommen v. McIntyre,* 125 F. App'x 655, 658 (6th Cir. 2005) ("matters of paternity are for the state courts."); *Partridge v. Ohio,* 79 F. App'x 844, 845 (6th Cir. 2003) ("Federal courts have no jurisdiction to resolve domestic relations disputes . . . ."); *Danforth v. Celebrezze,* 76 F. App'x 615, 616 (6th Cir. 2004) ("[F]ederal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues.").

Consequently, this Court is powerless to address a question relating to paternity because "federal courts do not have subject matter jurisdiction over paternity suits." *Austin v. Simmons*, 1:13-cv-443, 2013 WL 3147342, *2 (W.D. Mich., June 19, 2013).[1]

## V. Recommendation

The undersigned respectfully recommends that the Court dismiss the complaint because Gomez has failed to establish that this Court has jurisdiction over

---

[1] In addition to failing to establish federal question jurisdiction under 28 U.S.C. § 1331, Gomez fails to establish diversity jurisdiction under 28 U.S.C. § 1332. The issue Gomez raises most likely involves North Dakota state law and Gomez should address his issue in that state.

the issue raised in this matter.


Dated: May 3, 2023 /s/ *Maarten Vermaat*
MAARTEN VERMAAT
U. S. MAGISTRATE JUDGE

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).